(15 Misc. Rep. 493.)

### BEAL v. AMERICAN DIAMOND ROCK BORING CO.

(City Court of New York, General Term. January 28, 1896.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

A verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by Byron A. Beal against the American Diamond Rock Boring Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, CONLAN, and BOTTY, JJ.

Burton N. Harrison, for appellant.

Putney & Bishop, for respondent.

BOTTY, J. This action was brought to recover for money loaned by the plaintiff to the defendant through its president. The defense was a general denial, and upon the trial of this action the defendant was allowed to amend its answer by setting up the further defense that the loan was not made to the defendant, but to one Charles A. Tombkins individually, and that said Tombkins paid said indebtedness. No exception was taken by either party to the admission or exclusion of evidence during the course of the trial, nor was any motion made for a dismissal of the complaint; but at the close of the case the defendant moved for the direction of a verdict in its favor, which motion was denied by the court, and an exception was duly taken by the defendant. The case was then submitted to the jury, who found for the plaintiff in the sum of $907.50. The defendant then moved to set aside the verdict, and for a new trial, on the ground that the verdict was against the evidence, and on the further ground that it was against the weight of evidence as well as the sufficiency of evidence, and also that it was against the law.

The questions to be determined on this appeal are: First, does the evidence show that the plaintiff established his cause of action? and, second, whether there was a material question of fact to go to the jury. To arrive at a proper solution of these questions, we must look to the evidence, which shows as follows: That plaintiff, on May 4, 1891, exchanged checks with Charles H. Tombkins, each check being for the sum of $750. The check then held by Tombkins was drawn by said C. H. Tombkins, as president, and Louis F. Bostelman,

as treasurer, of defendant, to the order of said C. H. Tombkins, individually, and was indorsed and delivered by him to the plaintiff in exchange for a check dated May 4, 1891, drawn by the plaintiff to the order of the American Diamond Rock Boring Company, which latter check was indorsed by the defendant in the following manner, viz.: "American Diamond Rock Boring Co., C. H. Tombkins, President." No other indorsement appeared on said check, and the same, thus indorsed, was duly presented for payment, and was paid; whereas the check given by Mr. Tombkins to the plaintiff, which was presented, remained unpaid.    But later on, to wit, on or about May 15, 1891, Mr. Tombkins obtained possession of this check which he had thus given to plaintiff, on depositing with the plaintiff some bonds of the Idaho Mining & Irrigation Company, belonging to Mr. Tombkins individually, as collateral security for the payment of a loan on or before June 6, 1891, which said bonds are still retained by the plaintiff.    The evidence also shows that the plaintiff had other dealings with the defendant, and also with Mr. Tombkins individually, consisting of loans made by him to defendant and to Mr. Tombkins, and that in the month of September, 1891, the plaintiff, with the consent of the defendant, collected money on the sale of some goods due to defendant, and that he applied part of said money so received by him on account of an indebtedness for money loaned, due from the defendant to the plaintiff, and that at that time the plaintiff was about to apply a portion of the surplus on account of the loan in question, to wit, the sum of $750, but upon the urgent request of Mr. Tombkins, the president of the defendant, he paid over the same to defendant, relying on Mr. Tombkins' promise to pay said sum of $750 within a week or so.    Mr. Tombkins, however, testified that the loan of $750 was made to him individually, and that on May 15, 1891, he took up plaintiff's check, which he had received on May 4, 1891, and which was drawn to the order of defendant, and that in lieu thereof he gave the plaintiff certain bonds belonging to him individually, and also $37.50, by check, for interest and commissions due on said loan. We think that the evidence above referred to, as well as the other evidence adduced upon the trial, was of a conflicting character, and presented material questions of fact upon the issues involved, sufficient to justify a submission to the jury.    The denial of the defendant's motion for a direction of a verdict in its favor was therefore no error, and the verdict of the jury was in accordance with the law and evidence, and the same was not against the weight of evidence.

The judgment and order appealed from must therefore be affirmed, with costs.    All concur.